UNITED STATES, Appellee

v

CHARLES S. ALSTON, Private E–1, U. S. Army, Appellant

8 USCMA 490, 24 CMR 300

No. 10,243

Decided December 13, 1957

First Lieutenant Jerome H. Gerber and First Lieutenant Lawrence R. Fullem were on the brief for Appellant, Accused.

Captain Thomas J. Nichols and First Lieutenant Jay D. Fischer were on the brief for Appellee, United States.

## Opinion of the Court

HOMER FERGUSON, Judge:

Appellant, Private E–1 Charles S. Alston, pleaded not guilty to, but was convicted of, desertion, terminated by apprehension, and assault and battery, in violation of Articles 85 and 128, Uniform Code of Military Justice, 10 USC §§ 885 and 928, respectively. He seeks reversal of the desertion offense on the basis of the law officer's instruction, which advised the court that:

"As to length of absence without authority, it is within the province of the court to determine whether or not the length of time involved, if in the absence of satisfactory explanation, is of sufficient duration from which it can infer an intent to remain away permanently. You must determine whether or not the absence was much prolonged, and if so, whether or not there was a satisfactory explanation for it."

A similar instruction was held to constitute reversible error in the case of United States v Soccio, 8 USCMA 477, 24 CMR 287. Simply stated, there are two vices present in such an instruction. First, it emphasizes one fact to the exclusion of others, viz., the length

490

of the accused's absence, thus permitting the court-martial to find the accused guilty of desertion without reference to the other evidence adduced at trial. Secondly, it permits the court to infer an intent to remain away permanently from the length of the accused's absence, in the absence of a "satisfactory" explanation, thus shifting the burden of proof from the Government to the accused. Accordingly, the decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Army for reference to a board of review. The board, in its discretion, may approve the lesser offense of absence without leave and reassess the entire sentence on that basis, together with the remaining approved finding of guilt, or it may, in the alternative, order a rehearing on the desertion charge.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent for the reasons set forth in my separate opinion in United States v Soccio, 8 USCMA 477, 24 CMR 287.